UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELVIN RAY BUCK,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Respondents. | No. 2:18-cv-0197 KJN P<br><br><br>ORDER |

　　　　Petitioner is a state prisoner, proceeding without counsel. On January 29, 2018, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

　　　　Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

　　　　The instant petition suffers from a number of defects, requiring that the petition be dismissed with leave to amend.

　　　　First, petitioner failed to sign the petition. (ECF No. 1 at 6.) All documents submitted for filing by pro se litigants must be signed. Fed. R. Civ. P. 11(a).

　　　　Second, as a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges

1

the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). Because petitioner is challenging the conditions of confinement rather than his criminal conviction, petitioner must proceed by way of a civil rights complaint under 42 U.S.C. § 1983. Petitioner is cautioned that if he files a civil rights complaint, he will be required to pay the $350.00 filing fee, even though he is proceeding in forma pauperis, but will be allowed to pay it in installments.

Third, it appears that petitioner is attempting to bring this action as a class action.[1] Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976). This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

Fourth, petitioner's accompanying motion for contempt must be raised in a civil rights action, not a petition for writ of habeas corpus. The class action to which plaintiff refers was brought as a civil rights action. Within his motion, petitioner claims he represents the total population of the Native American Indian believers and practitioners at Avenal State Prison. (ECF No. 3 at 5.) Again, petitioner may not file a motion on behalf of a class of inmates because he is not a lawyer, and therefore the motion is not properly filed. In addition, because no viable civil rights complaint is not yet on file, petitioner's motion for contempt is premature.

////

---

[1] Petitioner argues that defendants are not complying with the terms reached in the class action Sample v. Borg, No. S-85-0208 LKK (E.D. Cal.), and provided a copy of the 1987 stipulated judgment. (ECF No. 1 at 8.) If petitioner believes the terms of such settlement agreement are being violated, petitioner may wish to contact class counsel Jay B. Petersen, California Indian Legal Services, whose address is now 117 J Street, Suite 300, Sacramento, CA 95814.

1   Fifth, if plaintiff chooses to file his own civil rights action, he must plead facts pertinent to his own alleged constitutional violations, not a particular class of inmates.  Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original pleading, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted.

2. The petition is dismissed without prejudice.

3. Petitioner is granted leave to file a pleading that bears his signature; such pleading shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The pleading must also bear the docket number assigned to this case. Failure to file such pleading in accordance with this order may result in the dismissal of this action.

4. Petitioner's motion (ECF No. 3) is denied without prejudice.

////

////

5. The Clerk of the Court is directed to send petitioner the form for filing a civil rights action.

Dated: February 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/buck0197.lta

4